### BIDWELL v. SULLIVAN et al.

(Supreme Court, Appellate Division, First Department. May 14, 1897.)

ACKNOWLEDGMENT—PERSONAL ACQUAINTANCE OF NOTARY WITH MORTGAGOR.
     A notary public who took the acknowledgment of a mortgage is shown to have been personally acquainted with the mortgagor where it appears that the mortgagor had purchased the premises at a sale made by the notary, as referee, on foreclosure of a previous mortgage, had signed the terms of sale, had given to the notary, as such referee, a check on account of the purchase money, which check was duly paid, and had received a referee's deed of the premises. ·  ·

Appeal from special term, New York county.

Action by Clara E. Bidwell against Maurice J. Sullivan, impleaded, etc., to foreclose a mortgage. There was a judgment in favor of plaintiff, and defendant Maurice J. Sullivan appeals. Modified.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, PATTERSON, and PARKER, JJ.

Wilson W. Hoover, for appellant.
W. W. Thompson, for respondent.

PARKER, J. This suit was brought for the foreclosure of a mortgage covering premises upon which the defendant Sullivan has a subsequent mortgage. Sullivan, by his answer, put in issue the allegations of the complaint as to the execution, acknowledgment, and record of the mortgage. Upon the trial, the plaintiff, as part of her proof, put in evidence the record of her mortgage as contained in the register's office in the city and county of New York. From such record it appears that the notary public's certificate of acknowledgment and the register's certificate of record are in strict compliance with the statute. Section 935 of the Code provides that "a conveyance acknowledged or proved and certified in the manner prescribed by law, to entitle it to be recorded in the county where it is offered, is evidence, without further proof thereof." By the introduction of the record, therefore, the plaintiff made out a prima facie case as to the due execution, acknowledgment, and recording of the mortgage. But section 936 of the Code provides that "the certificate of the acknowledgment, or of the proof of a conveyance, or the record, or the transcript of the record, of such a conveyance is not conclusive; and it may be rebutted and the effect thereof may be contested by a party affected thereby." Under this section the defendant was at liberty to introduce evidence in support of the issue which he had tendered by his answer, and he attempted to do so. Testimony was adduced tending to show that Clark, the mortgagor, did not know the notary who took the acknowledgment. But the question was whether the notary knew Clark. The notary's testimony conclusively established that he did know him. This assertion is fully warranted by the personal transactions between the notary and Clark prior to the taking of the acknowledgment, which the notary detailed to support his assertion that he knew him when taking the acknowledgment. Mr. McClelland, a notary public, testified that he was appointed referee to sell in a judgment of foreclosure and sale in an action wherein Francis A. Clark, the maker of the mortgage in suit, was the defendant; that the property was sold by McClelland, as referee, on the 17th day of September, 1890, to Francis A. Clark, who was the highest bidder therefor; and that Clark signed the terms of sale, and paid the 10 per cent. of the purchase price required to be paid down by giving to McClelland his check for $700, which check McClelland presented for payment, and the same was paid. On October 20th,—a little over a month later,—McClelland delivered the referee's deed to Clark, who at about the same time, and in the office of the referee, executed the bond and mortgage in question,

receiving therefor a check for $18,000, drawn by Clara E. Bidwell on the National City Bank of New York, and payable to the order of Francis A. Clark.    This check Clark indorsed: "Pay to the order of Charles B. McClelland, referee.    Francis A. Clark," and delivered the same to the referee in payment of the balance of the purchase price of the property.    Clark was called for the defendant, and at first testified that he did not recollect meeting the notary public until the day when the bond and mortgage were executed, and that he was then introduced to him in his office by Clark's attorney. But his cross-examination showed that he was mistaken, for he testified that he was the purchaser of the property at the referee's sale, and that he signed the terms of sale, which was more than 30 days before the time of the execution of the bond and mortgage in suit; and he was obliged to admit that the notary public was also the referee at the sale, and must have been at the sale as well as Clark.    From this testimony it is apparent that the court was right in holding that the defendant had failed to support by evidence the issue which he tendered by his answer.    The trial court was therefore right in giving judgment to the plaintiff.

The court determined that the action was unreasonably defended by Sullivan, and that by reason thereof the plaintiff was entitled to recover costs, under section 423 of the Code, and granted an extra allowance of $500.    We agree with the trial court in this determination, except as to the amount of costs.    As the action is one to foreclose a mortgage, the amount of the extra allowance is regulated by section 3253 of the Code, which provides that "the court may also, in its discretion, award to any party a further sum, as follows: (1) In an action to foreclose a mortgage, a sum not exceeding two and one half per centum upon the sum due or claimed to be due on the mortgage, nor the aggregate sum of two hundred dollars."

The judgment should be modified by deducting from the award of costs against Sullivan the sum of $300, and, as thus modified, the judgment should be affirmed, without costs.

RUMSEY, WILLIAMS, and PATTERSON, JJ., concur.

VAN BRUNT, P. J.    I concur in the result reached in the opinion of the court.    But it seems to me clear that the notary public who took the acknowledgment of the mortgagor had not that personal acquaintance with the latter which is required by the statute in order that he might take an acknowledgment based upon such personal acquaintance.    The statute provides a method by which the identity of a party executing an instrument to be acknowledged can be proven before the notary who takes the acknowledgment, in which case the notary must set out the substance of the evidence produced before him in his certificate.    In the case at bar the notary nowhere swears that he was personally acquainted with the person who executed the mortgage.    The mortgagor swears that the only acquaintance that he had with the notary was the result of an introduction at the time of the execution of the mortgage.    It is true that the notary swears that the mortgagor signed the terms of

sale at the time of the sale under foreclosure referred to in these proceedings, but he nowhere swears that at the time of the taking of the acknowledgment he had any other acquaintance with or recollection of the person who executed the mortgage than that which was sworn to by the mortgagor, namely, an introduction at the time of the execution. This, in my judgment, is clearly insufficient to justify the notary in certifying as to personal acquaintance. Personal acquaintance does not mean an acquaintance acquired upon the instant. It means an acquaintance of such a character, and existing for such a length of time, as enables the notary to identify the person as the individual described in the instrument to be executed. The mortgage having been actually executed by Clark, the mortgagor, the objections raised were unavailable, although the notary—as is too often the case in instances of this description—violated his duty in taking the acknowledgment in the manner and under the circumstances disclosed by this record.